IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREAMSTIME.COM, LLC, a Florida LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE, LLC, a Delaware LLC; and DOES 1-10,<br><br>    Defendants. | No. C 18-01910 WHA<br><br>**REQUEST FOR FURTHER BRIEFING** |

Defendant Google has moved under Rule 12(c) for partial final judgment on the pleadings. The substantive issues raised are twofold. *First*, Google argues that Dreamstime's claims may not encompass allegations about the content or arrangement of Google's search results. *Second*, Google argues that Dreamstime is limited to certain damages on its contract claim and not the full breadth of damages Dreamstime's amended complaint has sought. Importantly, not one of Dreamstime's claims would be completely dismissed were Google's motion to be granted in full.

This implicates a threshold procedural question. Does Rule 12(c) permit the entry of "judgment" when relief under the motion would not see any claim completely dismissed?

Our court of appeals has not opined on whether Rule 12(c) so permits, but one United States Court of Appeals decision has. That opinion casts some doubt (in dicta) that "judgment" under Rule 12(c) can be entered on only part of a claim or defense. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 324–325 (7th Cir. 2015).

Furthermore, in a recent opinion, Judge Gary Feinerman considered the matter in depth and concluded that Rule 12(c) cannot be wielded to enter "judgment" on part of a claim or defense. The district court decisions have not aligned. Yet, Judge Feinerman recognized this disagreement, collected all the decisions to have considered the issue, and found that most had concluded as he did. *Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 896 (N.D. Ill. 2018); *see also Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 221 n.9 (D.D.C. 2002) (Judge Henry Kennedy) recognizing disagreement between *In re Amica, Inc.*, 130 B.R. 792, 796 (Bankr.N.D.Ill. 1991) (Bankr. Judge Jack Schmetterer) and *Chi-Mil Corp. v. Grant Co.*, 70 F.R.D. 352, 357 (E.D. Wis. 1976), *amended on other grounds*, 422 F. Supp. 46 (E.D. Wis. 1976) (Chief Judge John Reynolds).

Some of the decisions which had denied Rule 12(c) motions on this procedural ground considered issues similar to those raised by Google's motion. *See, e.g.*, *In re NCAA Grant-in-Aid Cap Antitrust Litig.*, 2016 WL 4154855, at *2 (N.D. Cal. Aug. 5, 2016) (Judge Claudia Wilken). Of note, a line of decisions have construed different theories under a single claim as separate claims. These decisions have allowed for the Rule 12(c) motion even though the entire claim would not be dismissed. *See, e.g.*, *Holloway v. Best Buy Co., Inc.*, 2009 WL 1533668 (N.D. Cal. May 28, 2009) (Judge Phyllis Hamilton).

In light of the foregoing, before reaching the merits of Google's motion, the threshold question presented herein requires consideration. By **MAY 21** at **NOON**, both parties shall please file further briefing on this threshold question. Any other decisions or logic not considered by the aforementioned opinions should be included. This supplemental briefing is limited to five pages. No footnotes, declarations, or attachments are allowed.

**IT IS SO ORDERED.**

Dated: May 15, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2