BRIAN M. WILLEN (admitted *pro hac vice*)
bwillen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

LAUREN GALLO WHITE (CA SBN 309075)
lwhite@wsgr.com
KELLY M. KNOLL (CA SBN 305579)
kknoll@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Attorneys for Defendant*
**GOOGLE LLC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DREAMSTIME.COM, LLC, a Florida LLC, | CASE NO.: 3:18-CV-01910-WHA |
| Plaintiff, | **GOOGLE'S RESPONSE TO THE COURT'S ORDER OF MAY 15, 2019** |
| v. | |
| GOOGLE LLC, a Delaware LLC; and DOES 1-10, | Judge: Honorable William Alsup |
| Defendants. | |

The Court's Order of May 15, 2019 (ECF No. 80) asked for supplemental briefing as to whether Rule 12(c) permits the entry of judgment on less than a complete cause of action. The answer is "yes." Numerous cases endorse this rule expressly, and many others have applied Rule 12(c) (and its close relative, Rule 12(b)(6)) to dismiss portions of claims, reject certain kinds of damages, or bar legally impermissible theories—all while allowing the underlying cause of action to proceed on alternative grounds. That approach is all but compelled by Ninth Circuit authority, and it advances the core purpose of the Federal Rules to secure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Granting such relief is especially appropriate here, where Dreamstime seeks to change its claims on the fly and to use its unduly prolix complaint to press theories of liability and damages that both disturb the shape and scope of what remains of this case and defy established law.

A handful of cases, as the Court notes, arguably reach a different conclusion. Those cases are distinguishable and not persuasive. But even if there were doubt about application of Rule 12(c), the Court has incontestable authority to resolve the issues raised in Google's motion, whether under Rule 56 or through the Court's inherent powers. Google stands by its motion, but the form of the ruling matters less than its substance: that Dreamstime may not pursue claims based on Google's search results or obtain damages forbidden by the parties' agreements.

**A.     Rule 12(c) Permits Judgments On Less Than A Full Claim**

Rule 12(c) allows a party to "move for judgment on the pleadings." Nothing in the rule's text or the advisory committee's notes prevents it from being used to obtain judgment on something less than a whole case or cause of action. To the contrary, "many federal courts have entertained a motion for partial judgment on the pleadings." 5C CHARLES ALAN WRIGHT, ET AL., Federal Practice & Procedure § 1369 (3d ed. 2019) ("The result seems sound in terms of giving the district judge greater flexibility and promoting efficiency and economy."). Under the rule, "[j]udgment on the pleadings may be granted as to fewer than all of the claims, ***or as to part of a claim***." *FEC v. Adams*, 558 F. Supp. 2d 982, 987 (C.D. Cal. 2008) (emphasis added). This approach is supported by "the policy in favor of the expeditious disposition of matters where material facts are not disputed." *Chi-Mil Corp. v. W. T. Grant Co.*, 70 F.R.D. 352, 357-58 (E.D.

Wisc. 1976). Likewise, "the interchangeability of Rule 12(c) and Rule 56 motions supports the conclusion that a judgment on the pleadings with respect to a part of a claim is implied by the parallel provision for partial summary judgment under Rule 56." *Id.*

*Holloway v. Best Buy Co.*, 2009 WL 1533668 (N.D. Cal. May 28, 2009), is squarely on point. There, the court awarded partial judgment under Rule 12(c) on portions of plaintiff's discrimination claims (relating to initial job assignments), specifically rejecting plaintiff's objection that such relief was inappropriate because it would not "dispose entirely of any cause of action." *Id.* at *3, *11-14. As Judge Hamilton recognized in *Holloway*, the Supreme Court has implicitly endorsed this approach to Rule 12(c). *Id.* at *4 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 98-99 & n.2 (1983)). *Holloway* was correct, and numerous other cases have adopted the same reasoning:

- *Twin City Fire Ins. Co. v. Mitsubishi Motors Credit of Am., Inc.*, 2005 WL 5980994, at *1-2 (C.D. Cal. Feb. 22, 2005) (granting 12(c) motion as to portion of claim and expressly rejecting argument that the "[d]efendant's 'attempt to have the Court adjudicate on the pleadings only part of a single paragraph of one cause of action is improper'").

- *Yerkovich v. MCA Inc.*, 11 F. Supp. 2d 1167, 1172 (C.D. Cal. 1997) (explaining that "a court has discretion to permit or deny 'partial' judgment on the pleadings," and applying Rule 12(c) to grant judgment rejecting allegations that the contract at issue was unconscionable while allowing underlying claim for breach of contract to proceed).

- *Palzer v. Cox Okla. Telcom, LLC*, 2018 WL 3240961, at *2 (N.D. Okla. July 3, 2018) (concluding that a partial judgment on the pleadings that does "not entirely dispose of one or more counts" is appropriate, and considering motion to dismiss portions of claims based on "discrete acts" that occurred prior to specified date).

- *Am. Traffic Sols., Inc. v. Redflex Traffic Sys.*, 2009 WL 2714017, at *2 (D. Ariz. Aug. 27, 2009) (rejecting argument "that this is not a proper motion for judgment on the pleadings because defendants seek judgment on only a portion of its Lanham Act claim," and granting judgment on the pleadings with respect to standalone statement to the media).

In fact, this application of Rule 12(c) is all but compelled by Ninth Circuit law. In *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010), the defendant sought to strike "those portions of [plaintiff's] complaint that sought the recovery of lost profits and consequential damages." *Id.* at 973. That motion was granted under Rule 12(f), but the Ninth Circuit rejected that approach: "[Plaintiff's] 12(f) motion was really an attempt to have certain

portions of Whittlestone's complaint dismissed or to obtain summary judgment against Whittlestone as to those portions of the suit—***actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion***." *Id*. at 974 (emphasis added). *Whittlestone* thus clearly endorsed Rule 12(b)(6) as a proper mechanism to dismiss less than an entire claim. And given that Rule 12(c) and Rule 12(b)(6) motions "are virtually interchangeable," *Sprint Telephony PCS, Ltd. P'ship v. Cty. of San Diego*, 311 F. Supp. 2d 898, 902-03 (S.D. Cal. 2003), the same analysis applies to Rule 12(c) as well. *Accord Baiul v. NBC Sports*, 732 F. App'x 529, 531 (9th Cir. 2018) ("a Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion").

Courts in this Circuit have repeatedly relied on *Whittlestone* to grant relief akin to what Google seeks here. A long line of cases has granted motions to dismiss certain categories of damages, while allowing the underlying cause of action to proceed. *E.g.*, *Ramos v. Capital One, N.A.*, 2017 WL 3232488, at *2-3 (N.D. Cal. July 27, 2017); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1147, 1149 (N.D. Cal. 2018); *Powell v. Wells Fargo Home Mortg.*, 2017 WL 2720182, at *7-9 (N.D. Cal. June 23, 2017); *Johnson v. Napa Valley Wine Train, Inc.*, 2016 WL 493229, at *12-13 (N.D. Cal. Feb. 9, 2016).

Likewise, courts often grant motions to dismiss claims insofar as they are premised on a legally impermissible theory, while allowing the claims to proceed on other grounds. In *McKenzie v. Wells Fargo Bank, N.A.*, 931 F. Supp. 2d 1028 (N.D. Cal. 2013), for example, the court dismissed "Plaintiffs' claims to the extent they [were] predicated on an excessive insurance theory because those claims [were] barred as a matter of law," but made clear that the underlying claims could go forward on an alternative theory. *Id*. at 1041; *see also L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 114 F. Supp. 3d 852, 868 (N.D. Cal. 2015) (granting motion to dismiss "only to the extent the claim [was] based on protected speech in the media"); *Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 940 (N.D. Ill. 2018) (granting motion for partial judgment on the pleadings as to portion of claim premised on automated telephone dialing system). This Court itself has issued similar rulings. *See In re Commtouch Software Ltd.*, 2002 WL 31417998, at *14-15 (N.D. Cal. July 24, 2002); *Ansanelli v. JPMorgan Chase Bank, N.A.*, 2011 WL 1134451, at *2-3 (N.D. Cal. Mar. 28, 2011).

These cases reflect the pragmatic spirit of the Federal Rules, which encourage rulings that "focus[] on severability and efficient judicial administration." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th Cir. 1987). The Ninth Circuit has expressly endorsed efforts by courts to adjudicate matters "sufficiently severable factually and legally from the remaining matters" and "to carve out threshold claims and thus streamline further litigation … [to] effectively narrow[] the issues, … and efficiently separate[] the legal from the factual questions." *Id.* at 1525. Applying that principle here makes sense. Otherwise, parties would be able to smuggle in legally improper allegations or subclaims that would be effectively impossible to challenge under Rule 12. That would open the door to needlessly burdensome and expensive proceedings, including baseless discovery on legal theories that fail as a matter of law.

To be sure, some courts have suggested that a 12(c) motion for judgment on the pleadings cannot be used to address "part" of a claim. But those decisions are unpersuasive and generally turn on circumstances not at issue here. *See Kenall Manufacturing Company v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 893 (N.D. Ill. 2018) (denying as procedurally improper the plaintiff's 12(c) motion for liability but not damages as to its own claims); *BBL, Inc. v. City of Angola*, 809 F.3d 317, 320, 323-25 (7th Cir. 2015) (describing a motion for judgment as to part of a cause of action as "unusual" but not finding it impermissible); *In re Amica*, 130 B.R. 792, 795-97 (Bankr. N.D. Ill. 1991) (stating in dicta that a 12(c) motion for partial judgment is not possible, but ultimately deciding the motion on the merits). (The Court also identified *In re NCAA Athletic Grant-in-Aid Cap Antitrust Litig.*, 2016 WL 4154855, at *1-2 (N.D. Cal. Aug. 5, 2016), but there is no indication that the court there actually addressed the propriety of partial judgments.)

In any event, insofar as these cases—or the few others that can be found—cast doubt on the use of Rule 12(c) to seek judgment on something less than a full cause of action, those cases are out of step with Ninth Circuit law embodied in *Whittlestone*, reflect a minority position not compelled by Rule 12(c), and are inconsistent with the core purpose of the Federal Rules.

**B.      The Court Has Authority To Rule On The Issues Raised By Google's Motion**

Even if the Court were to conclude that Rule 12(c) does not apply here, it still would have the power to resolve the issues raised by Google's motion. To begin, Rule 56 expressly

authorizes a court to enter summary judgment as to "***part of*** [a] claim or defense." Fed. R. Civ. P. 56(a) (emphasis added); *e.g.*, *Taylor v. W. Marine Prods.*, 2014 WL 4683926, at *4-5 (N.D. Cal. Sep. 19, 2014) (Alsup, J.) (granting "summary judgment against the spiff portion of Claim[] Three … (and not the off-the-clock part)"). And it is common practice to convert a Rule 12 motion to a Rule 56 motion. *See* Fed. R. Civ. P. 12(d). Although the issues raised in Google's motion can be resolved without going beyond the pleadings, that does not mean that they cannot be decided under Rule 56. And there certainly is no reason to wait for further factual development to resolve these purely legal issues. *See Van Slyke v. Capital One Bank*, 2007 WL 2385108, at *4 (N.D. Cal. Aug. 17, 2007) (Alsup, J.). Thus, if the Court has any doubt about whether Rule 12(c) can be used to adjudicate undisputed legal issues without resolving the entirety of a claim, the Court can treat and resolve Google's motion as one for partial summary judgment.

Alternatively, insofar as Dreamstime claims that its search-related allegations are "hopelessly interrelated" with its surviving causes of action (ECF 78 at 8), the Court may take Dreamstime at its word and grant judgment in Google's favor on the *entirety* of those claims. If, as Dreamstime now suggests, all or some of its remaining causes of action are actually so inextricably premised on theories related to the contents or ordering of Google's search results, those claims as a whole are barred by the First Amendment.

Finally, a "district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016); *accord Allen v. Bayer Corp.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Even if there were some relevant limit on Rule 12(c), these inherent powers give the Court ample authority to craft a ruling that resolves the legal issues raised by Google's motion and thereby help efficiently resolve this case—even if the Court might decline to formally grant judgment in whole or in part.

In short, there is no procedural obstacle preventing this Court from confirming that Dreamstime may not premise its surviving claims on activity protected by the First Amendment and may not seek damages that are barred by the parties' agreements.

| | |
|---|---|
| Dated:  May 21, 2019 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br><br>By: _/s/ Brian M. Willen_<br>     Brian M. Willen<br><br>BRIAN M. WILLEN (admitted *pro hac vice*)<br>bwillen@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone:  (212) 999-5800<br>Facsimile:   (212) 999-5899<br><br>LAUREN GALLO WHITE (CA SBN 309075)<br>lwhite@wsgr.com<br>KELLY M. KNOLL (CA SBN 305579)<br>kknoll@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone:  (650) 493-9300<br>Facsimile:   (650) 565-5100<br><br>***Attorneys for Defendant***<br>**GOOGLE LLC** |

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2019, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By: */s/ Brian M. Willen*
Brian M. Willen