

**Davis Wright Tremaine LLP**

Suite 800
505 Montgomery Street
San Francisco, CA 94111

Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610

Kelly M. Gorton
415-276-6584 tel

Ambika K. Doran
206-757-8030 tel

kellygorton@dwt.com

ambikadoran@dwt.com

November 26, 2019

*VIA ECF*

Honorable William H. Alsup
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Dreamstime.com, LLC v. Google, LLC*, No. 3:18-CV-01910-WHA

Dear Judge Alsup:

We represent non-party Getty Images (US), Inc. in connection with discovery that Plaintiff Dreamstime, LLC, has sought from both Getty Images and Defendant Google, LLC.

We recently learned that Dreamstime has asked the Court, for a second time, to compel Google to produce the content licensing agreement between Google and Getty Images, which Dreamstime also sought from Getty Images, and which Getty Images objected to producing. Getty Images files this letter to renew its concerns about disclosure of this agreement, as more fully set forth in the September 2019 Declaration of Peter Orlowsky (Doc. 97-1).

Pursuant to this Court's September 9, 2019, order (Doc. 102), Google made the licensing agreement available for inspection by Dreamstime's counsel. The Court instructed that Dreamstime could seek an order to compel the license agreement if, upon inspection, Dreamstime believed it was still entitled to the agreement.

In its November 22 letter (Doc. 106), Dreamstime does not provide any colorable reason why the content license agreement should be disclosed. Instead, the letter contains a rote recitation of terms that Dreamstime generally considers relevant, including "dates," "term of the agreements," "pricing terms," and "renewal provisions," without explaining why any of those terms—which one would expect to find in any agreement of this sort—are relevant to Dreamstime's claims. The bare assertion that Google offered terms to Getty Images that it allegedly did not offer to Dreamstime (Doc. 106 at 1), without specifying which terms, is insufficient.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

In its letter, Dreamstime directs this Court to Rule 26(b)(1), which defines the permissible scope of discovery. But even under that rule, courts refuse to compel discovery where "any relevance would be marginal and would not outweigh the risk of disclosure" to a competitor. *Pom Wonderful LLC v. Welch Foods, Inc.*, No. CV 09-567-AHM (AGRx), 2010 WL 11523591, at *2 (C.D. Cal. Mar. 16, 2010); *see also, e.g., Cross-Fit, Inc. v. Nat'l Strength & Conditioning Ass'n*, No. 14CV1191-JLS(KSC), 2016 WL 6476306, at *8 (S.D. Cal. Nov. 2, 2016) (denying motion to unredact royalty information in agreement where information "may have some tangential relevance to the issue of damages," as that was "not enough given the evidence" that the defendant "has a strong interest in maintaining the confidentiality" of the information).

Getty Images understands a meet-and-confer and hearing are scheduled for November 27, 2019. I plan to be present for both.

Sincerely,

Davis Wright Tremaine LLP

Kelly M. Gorton