# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| DREAMSTIME.COM, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:18-CV-01910-WHA |
| | ) | |
| GOOGLE, LLC | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **GETTY IMAGES**
6300 Wilshire Blvd. 16th Floor  Los Angeles, CA 90048
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Exhibit "A."

| Place: Baker Marquart LLP<br>777 S. Figueroa St. Suite 2850<br>Los Angeles, CA 90017 (424) 652-7800 | Date and Time:<br>10/04/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/12/2019

*CLERK OF COURT*

OR     /s/ Donald R. Pepperman

_____          _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiff**
Dreamstime.com, LLC                            , who issues or requests this subpoena, are:
BAKER MARQUART, LLP Donald R. Pepperman 777 S. Figueroa St Ste 2850 Los Angeles, CA 90017 (424) 652-7800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:18-CV-01910-WHA

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A

## EXHIBIT "A" – REQUESTED DOCUMENTS

PLEASE TAKE NOTICE that plaintiff Dreamstime.com, LLC ("Dreamstime") hereby requests pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure that, on the date specified in the subpoena, non-party Getty Images ("Getty Images") produce for inspection and copying the original documents hereinafter described. Said document production shall be in accordance with Rule 45 of the Federal Rules of Civil Procedure and the definitions and instructions contained herein.

### I.

### DEFINITIONS AND INSTRUCTIONS

1. The terms "Getty Images," "you" and "your" shall mean and refer to Getty Images, Inc. and any of its wholly-owned subsidiaries, and any employee and any person acting on behalf of Getty Images. This term includes the websites www.gettyimages.com, www.istockphoto.com, and any other websites owned by Getty Images that offer online stock photography.

2. The term "Google," shall mean and refer to defendant Google, LLC and any of its wholly-owned subsidiaries or parent entities, and any predecessor entities or any present or former officer, director, employee, representative, agent, attorney, representative, consultant, and any person acting on behalf of such defendant, including Alphabet, Inc.

3. The term "Dreamstime" shall mean and refer to plaintiff Dreamstime.com, LLC and any of his present and former officers, directors, employees, attorneys, agents, investigators, representatives or other persons acting or purporting to act on its behalf.

4. Documents are to be produced as TIFF image files in an electronic format. Specifically, the TIFF images should be produced as a single-page Group IV TIFF format and accompanied by a Relativity or Concordance Image load file (or other generally acceptable load file format). The full extracted text (or OCR text where not available) should be included and produced at a document level. Metadata

information should be produced in the Relativity or Concordance DAT file format or other mutually acceptable format. The DAT file or other mutually agreeable format should provide the following metadata fields: custodian name, filename or subject line, original path or inbox folder path, To, From, CC, BCC, create date, modify or sent date, beginning and ending bates numbers, page count and attachment range. Electronic spreadsheets should be produced in native format.

5. In lieu of personal production of original documents, you may mail copies to the offices of Baker Marquart LLP so long as the copies mailed are legible and clearly depict all materials on the originals.

6. Unless otherwise specified, the relevant time period for purposes of this Request shall be from March 31, 2014 to September 1, 2018.

## II.

## INDIVIDUAL REQUESTS FOR DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Documents that constitute, describe or summarize notices by Google threatening legal or disciplinary action against Getty Images, including any termination, suspension, reduction, modification of any service or pricing.

**REQUEST FOR PRODUCTION NO. 2:**

Documents from January 1, 2017 through December 31, 2018 that constitute communications between Google and Getty Images referring to Dreamstime.

**REQUEST FOR PRODUCTION NO. 3:**

Documents from January 1, 2017 through December 31, 2018 that constitute, describe, summarize or refer to any service, product or business practice of Dreamstime.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show or quantify the annual amount of revenues that Getty Images has derived from its content licensing agreement with Google for 2018.

**REQUEST FOR PRODUCTION NO. 5:**

Documents from 2017 and 2018 that constitute, describe, summarize or refer to the strategic reasons for Getty Images entering into a content licensing agreement with Google, including memos, reports or presentations.

**REQUEST FOR PRODUCTION NO. 6:**

The content licensing agreement entered into between Google and Getty Images.

**REQUEST FOR PRODUCTION NO. 7:**

The settlement agreement entered into between Getty Images and Google relating to any claims that Getty Images raised with the European Commission.

**REQUEST FOR PRODUCTION NO. 8:**

Documents from 2017 and 2018 that constitute, describe, summarize or refer to Google's planned or actual commercial uses for the images it licensed from Getty Images pursuant to a content licensing agreement.

**REQUEST FOR PRODUCTION NO. 9:**

Documents from 2017 and 2018 that constitute, describe, summarize or refer to the sources of revenues that Getty Images derived from its content licensing agreement with Google.

**REQUEST FOR PRODUCTION NO. 10:**

Documents from 2017 and 2018 that constitute, describe, summarize or refer to incentives, financial or otherwise, that Google provided or agreed to provide to Getty Images, including but not limited to commissions, ownership interests, rebates, discounts, preferences, discounts, no charge advertising, refunds, or allowances.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show Getty Images' standards, policies or guidelines applicable to the suitability of the images available on Getty Images' websites, including those covering obscenity, offensiveness or pornography.

**REQUEST FOR PRODUCTION NO. 12:**

Documents provided to Getty Images by Google sufficient to show its standards, policies or guidelines applicable to the images available on Getty Images' website, including those covering obscenity, offensiveness or pornography.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show Google's plan or practice to collect user or traffic data for Getty Images's website from 2018 and 2019.

**REQUEST FOR PRODUCTION NO. 14:**

Documents that constitute, describe, summarize or refer to any written complaints Getty Images has made to Google from January 1, 2015 to December 31, 2017, including complaints about Google Images, AdWords treatment or Google's search ranking results.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show or describe any changes, modification or revisions that Google made to the Google.com website or Google Images, or Getty Images made to its website, as result of, or in accordance with, Getty Images' settlement with Google in 2018.

**REQUEST FOR PRODUCTION NO. 16:**

Documents from April 1, 2016 to February 28, 2018 that constitute communications between Google and Getty Images concerning Getty Images' complaint to the European Commission regarding, among other things, Google's alleged anticompetitive practices related to Google Images and Google's scraping of Getty Images' and others' hosted images.

**REQUEST FOR PRODUCTION NO. 17:**

Documents from April 1, 2016 to December 31, 2017 that constitute the complaint and any other papers or pleadings submitted by Getty Images to the European Commission concerning Getty Images' complaint to the European Commission in April 2016 regarding Google's alleged unfair, deceptive or anticompetitive practices.

**REQUEST FOR PRODUCTION NO. 18:**

Documents that constitute Getty Images' submission(s) in June 2015 to the European Commission when it joined as an interested third party in the Commission's then existing investigation into Google's alleged anticompetitive business practices.

Dated: September 12, 2019

BAKER MARQUART LLP
Jaime W. Marquart
Donald R. Pepperman

BAILEY DUQUETTE P.C.
James Bailey (*pro hac vice*)

By: _____
　　　Donald R. Pepperman

*Attorneys for Plaintiff*
*Dreamstime.com, LLC*

**REQUEST FOR PRODUCTION NO. 17:**

Documents from April 1, 2016 to December 31, 2017 that constitute the complaint and any other papers or pleadings submitted by Getty Images to the European Commission concerning Getty Images' complaint to the European Commission in April 2016 regarding Google's alleged unfair, deceptive or anticompetitive practices.

**REQUEST FOR PRODUCTION NO. 18:**

Documents that constitute Getty Images' submission(s) in June 2015 to the European Commission when it joined as an interested third party in the Commission's then existing investigation into Google's alleged anticompetitive business practices.

Dated: September 12, 2019

BAKER MARQUART LLP
Jaime W. Marquart
Donald R. Pepperman

BAILEY DUQUETTE P.C.
James Bailey (*pro hac vice*)

By: /s/ Donald R. Pepperman
Donald R. Pepperman

*Attorneys for Plaintiff*
*Dreamstime.com, LLC*